IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 8:25-cv-483 |
| CHANDRAKANT P. MEHTA, | ) |
| Defendant. | ) |

**COMPLAINT**

The United States complains and alleges as follows:

1. Plaintiff, the United States, brings this lawsuit to collect civil penalties assessed against Chandrakant P. Mehta ("Defendant") for his willful failure to report his financial interest in foreign bank accounts for calendar years 2016 and 2017 as required by 31 U.S.C. § 5314 and its implementing regulations, plus interest and late payment penalties that have accrued on the assessed penalties.

2. A delegate of the Secretary of the Treasury of the United States referred this case to the Department of Justice in accordance with 31 U.S.C. § 3711(g)(4)(C). This action is commenced at the direction of the Attorney General of the United States.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1345, and 1355.

4.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and 1395(a) because Defendant resides in this district.

## BACKGROUND

### Obligation to report interest in foreign accounts

5.  Federal law requires every resident or citizen of the United States who has a "financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country" to report that relationship annually to the Department of the Treasury. 31 C.F.R. § 1010.350(a), 1010.306(c).

6.  To fulfill this requirement, a person must file a form commonly known as an FBAR. Formally, an FBAR is FinCEN Form 114. It is due by June 30 "of each calendar year with respect to foreign financial amounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. §§ 1010.350(a), 1010.306(c).

7.  Any person who fails to report an interest in a foreign account may be subject to a civil penalty assessed by the Department of the Treasury. For violations involving the willful failure to report the existence of a foreign account, the maximum penalty that may be assessed is the greater of $100,000

or 50 percent of the balance in the foreign account at the time of the violation. 31 U.S.C. § 5321(a)(5)(C).

8. An assessed penalty under 31 U.S.C. § 5321(a)(5)(C) is subject to interest and further penalties pursuant to 31 U.S.C. § 3717.

9. The FBAR requirement is separate from an individual's obligation to file a tax return. However, Schedule B to Form 1040, *U.S. Individual Income Tax Return*, puts taxpayers on notice of the FBAR reporting requirement. Taxpayers who receive interest or ordinary dividends from or who have certain defined relationships with foreign bank accounts or trusts must include Schedule B along with their Form 1040 income tax returns. Schedule B, among other things, asks the taxpayer a simple "Yes" or "No" question: "did ]the taxpayer] have interest in or signature or other authority over a foreign bank account?" It then references the FBAR filing requirement and asks if the taxpayer is required to submit an FBAR.

**Defendant's knowledge of FBAR Reporting Requirement**

10. Defendant is a resident and citizen of the United States and was a U.S. Citizen at all times relevant to this litigation.

11. During 2018, the IRS was conducting an examination of Defendant's 2008 through 2016 tax years. *See United States v. Mehta*, No. 8:18-MC-88-T-17SPF (M.D. Fla.) ("*Mehta I*") at ECF 1. As part of the examination, the IRS issued an administrative summons to Defendant requesting certain

documents and testimony. Defendant refused to comply with the IRS's summons. *Id.* at 2. And so, the United States, on behalf the IRS, filed a petition with this Court to enforce the summons. That proceeding culminated in a show cause hearing at which an IRS Revenue Agent examined Defendant under oath before the Court. *Id.* at ECF 67.

12. At the time of the examination, Defendant had not filed Forms 1040 tax returns for tax years 2008 through 2017. And, as of the date of this action, Defendant still has not filed Forms 1040 for those years.

13. Moreover, Defendant has not filed any FBARs for 2016 and 2017.

14. Defendant's failure to fulfill his FBAR reporting requirements is not inadvertent. It is intentional and willful.

15. Indeed, Defendant has knowledge of the FBAR requirement based on his education and work experience.

16. For example, Defendant holds a "chartered accounting" degree from a university in India. *Id.* at 35:2-5. By his estimation, Defendant has worked as an accountant for "about 15 or 16 years." *Id.* at 34:16-23. He even represented himself as a CPA at times. *Id.* at 73:18-74:7; 79:2-12.

17. Defendant has prepared tax returns for others for compensation, including Forms 1040, 1120, and 1065. *Id.* at 54:10-15; 54:20-55:1; 57:1-9.

18. In preparing returns for others, Defendant has prepared Schedules B and has read the instructions for that form. *Id.* at 55:20-25.

19. Defendant acknowledged before this Court that he knows that the purpose of filing an FBAR is for "foreign bank accounts" but claims he has never prepared or filed an FBAR for himself or others. *Id.* at 58:1-12.

20. In addition to preparing returns for others, Defendant has represented persons in IRS and state revenue examinations. *Id.* at 64:1-13.

21. Defendant also advises others concerning tax planning and considers himself "fairly well" knowledgeable of the U.S. system of taxation. *Id.* at 55:4-14.

22. Despite his knowledge of and experience with the federal tax laws, Defendant did not file his oncome tax returns because he "had had a problem with the IRS" and erroneously believes that filing tax returns was "not mandatory." *Id.* at 52:2-17.

**Defendant's interests in foreign financial accounts**

23. From May 2011 to June 2017, Defendant opened at least 10 accounts, shown in the table below, at ICICI Bank Limited. ICICI Bank Limited is based in India. All accounts are associated with the "Permanent Account Number" ("PAN") ending in "-431Q" issued to Defendant by the Indian Income Tax Department:

| Account Number | Open Date | Close Date |
|---|---|---|
| XXXXXXXX7994 | 05/24/17 | 05/26/17 |

| Account Number | Open Date | Close Date |
|---|---|---|
| XXXXXXXX8326 | 06/14/17 | 07/31/19 |
| XXXXXXXX6173 | 05/11/16 | 10/26/16 |
| XXXXXXXX7991 | 05/24/17 | 05/26/17 |
| XXXXXXXX0787 | 11/18/17 | 01/7/20 |
| XXXXXXXX6166 | 06/22/16 | 06/12/20 |
| XXXXXXXX3612 | 05/11/11 | N/A |
| XXXXXXXX7993 | 05/24/17 | 05/26/17 |
| XXXXXXXX6169 | 04/27/16 | 05/23/17 |
| XXXXXXXX4351 | 05/11/11 | N/A |

24. ICICI Bank Limited identifies Defendant as the "main holder" for all accounts listed above.

25. Defendant admits to having signatory authority over ICICI Bank accounts during the years at issue. *Id.* at 14:22-24; 15:20-21; 18:11-19; 47:13-17; 58:14-19; 87:13-14 ("Definitely my signature was there").

26. Defendant has reviewed account information related to ICICI Bank. *Id.* at 50:19-25.

27. On September 21, 2016, Defendant opened an account ending in -0182 at Karur Vysya Bank. Karur Vysya Bank is based in India.

6

28. The account opening documents for Defendant's Karur Vysya Bank account lists Defendant as the sole applicant and name of the account.

29. Defendant provided his U.S. passport, Indian Income Tax Department card with a PAN ending in "-431Q," and a personal photograph to Karur Vysya Bank when submitting his account application.

30. When asked on the Karur Vysya Bank application about "dealing[s] with other banks," Defendant acknowledged his accounts with "ICICI [Bank]."

31. Defendant instructed Karur Vysya Bank not to mail anything to his local address in India.

32. In the application, Defendant requested for his wife, "Bharti C. Mehta," and daughter, "Sneha C. Metha," to be authorized users of the Karur Vysya Bank account.

33. On or about October 4, 2016, the "BC Mehta Family Trust" transferred $1,450,000.00 via wire from a U.S.-based Raymond James bank account to Defendant's Karur Vysya Bank account.

34. On October 5, 2016, Karur Vysya Bank asked Defendant via email to inform the bank of "the nominee of the FCNR [Foreign Currency Non-Resident] deposit" and confirmed that the bank received the wire transfer. On the same date, Defendant replied that Karur Vysya Bank should list his daughter Sneha Metha as nominees to the account, informed the bank that he

7

would "like to book for [a] one year FCNR deposit," and inquired into the interest rate.

35. Defendant retained control over the ICICI Bank Limited and Karur Vysya Bank accounts during calendar years 2016 and 2017.

36. Defendant had a financial interest in and signature authority over the ICICI Bank Limited and Karur Vysya Bank accounts during calendar years 2016 and 2017.

37. To date, Defendant has failed to answer any of the IRS's information document requests concerning the 2016 or 2017 tax periods.

### Defendant's willful failure to file FBARs

38. Defendant willfully failed to disclose his interests in financial accounts at ICICI Bank Limited and Karur Vysya Bank during 2016 and 2017.

39. The table below shows the highest balance of Defendant's accounts at ICICI Bank Limited and Karur Vysya Bank during 2016 and 2017:

| Financial Institution | Account Number | Reporting Year | Highest Balance |
|---|---|---|---|
| Karur Vysya Bank | XXXXXXXXXXXX0182 | 2016 | $1,450,000 |
| ICICI Bank Limited | XXXXXXX4351 | 2016 | $3,379,966 |
| ICICI Bank Limited | XXXXXXX6173 | 2016 | $66,536 |
| ICICI Bank Limited | XXXXXXX4351 | 2017 | $681,512 |
| ICICI Bank Limited | XXXXXXX7994 | 2017 | $141,176 |

| Financial Institution | Account Number | Reporting Year | Highest Balance |
|---|---|---|---|
| ICICI Bank Limited | XXXXXXXX8326 | 2017 | $112,941 |
| ICICI Bank Limited | XXXXXXXX7992 | 2017 | $141,176 |
| ICICI Bank Limited | XXXXXXXX7991 | 2017 | $141,176 |
| ICICI Bank Limited | XXXXXXXX0787 | 2017 | $15,686 |
| ICICI Bank Limited | XXXXXXXX7993 | 2017 | $141,176 |

40. Because Defendant's aggregate balance in his foreign accounts remained well above $10,000 in 2016 and 2017, Defendant was required to file an FBAR by June 30, 2017 and June 30, 2018. He did not do so.

41. Moreover, Defendant did not file a Form 1040 for those years and therefore did not disclose his interest on those accounts on Schedule B.

42. Rather than disclosing his overseas assets in the ICICI Bank Limited and Karur Vysya Bank accounts, Defendant actively attempted to hide them from the IRS by not filing his tax returns, naming his wife and daughter as nominees to the accounts, and refusing to comply with the IRS's administrative discovery requests.

43. Defendant's evasive actions, coupled with his accounting and tax preparation background, and his sworn statements before the Court demonstrating his actual knowledge of Schedule B filing requirements show that Defendant: (1) intentionally violated his known statutory duty to file an

FBAR for his offshore accounts; or (2) acted with reckless disregard or willful blindness toward the statutory FBAR filing requirements.

44. Defendant thus willfully failed to file FBARs for 2016 and 2017.

### COUNT I: JUDGMENT FOR UNPAID WILLFUL FBAR PENALTIES FOR 2016 AND 2017

45. The United States incorporates by reference paragraphs 1-44.

46. On March 7, 2023, a delegate of the Secretary of the Treasury assessed civil penalties against Defendant pursuant to 31 U.S.C. § 5321(a)(5)(C) for his willful failure to file an FBAR for calendar years 2016 and 2017. The assessments for which the United States seeks a judgment are set out in the following table:

| Financial Institution | Account Number | Reporting Year | Assessed Penalty |
|---|---|---|---|
| Karur Vysya Bank | XXXXXXXXXXXX0182 | 2016 | $144,886 |
| ICICI Bank Limited | XXXXXXXX4351 | 2016 | $144,886 |
| ICICI Bank Limited | XXXXXXXX6173 | 2016 | $144,886 |
| ICICI Bank Limited | XXXXXXXX4351 | 2017 | $144,241 |
| ICICI Bank Limited | XXXXXXXX7994 | 2017 | $144,241 |
| ICICI Bank Limited | XXXXXXXX8326 | 2017 | $144,241 |
| ICICI Bank Limited | XXXXXXXX7992 | 2017 | $144,241 |
| ICICI Bank Limited | XXXXXXXX7991 | 2017 | $144,241 |
| ICICI Bank Limited | XXXXXXXX0787 | 2017 | $144,242 |

| Financial Institution | Account Number | Reporting Year | Assessed Penalty |
|---|---|---|---|
| ICICI Bank Limited | XXXXXXXX7993 | 2017 | $144,242 |
| **TOTAL** | | | **$1,444,347** |

47.   A delegate of the Secretary of the Treasury gave notice to Defendant of the unpaid penalties. Despite notice and demand for payment, Defendant has failed and refused to pay the entire amount of the penalties.

48.   The unpaid assessed amounts have accrued interest and other additions, including penalties pursuant to 31 U.S.C. § 3717 for failure to pay a lawful debt to the United States. As of February 24, 2025, Defendant owes $1,636,755.32 in FBAR penalties, failure to pay penalties, and interest for calendar years 2016 and 2017.

WHEREFORE, Plaintiff, the United States of America, prays for the following relief:

A.   That the Court enter judgment for the United States and against Defendant Chandrakant P. Mehta in the amount of $1,636,755.32 as of February 24, 2025, plus interest and further additions thereafter as provided by law, for FBAR penalties for calendar years 2016 and 2017; and

B.   That the United States have such other and further relief, including costs, as the Court may deem just and proper.

DATED: February 28, 2025

Respectfully Submitted,

Lead counsel for the United States:

**/s/ Christopher Merino**
Christopher Merino
Florida Bar Number 1011386
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
Telephone: 202-892-0242
Facsimile: 202-514-4963
Christopher.Merino@usdoj.gov

Of Counsel:

Sara C. Sweeney
Acting United States Attorney
for the Middle District of Florida